UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DANIEL KIRKLAND,   } | |
| } | |
| Plaintiff,   } | |
| } | |
| v.   } | Case No.: 5:16-cv-00975-MHH |
| } | |
| UNITED STATES OF AMERICA;   } | |
| AUTO-OWNERS INSURANCE   } | |
| COMPANY,   } | |
| } | |
| Defendants.   } | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Kirkland seeks damages for injuries he sustained in an automobile accident that involved an employee of the United States Marine Corps. (Doc. 1). To recover those damages, Mr. Kirkland has sued the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671–2680. Mr. Kirkland also seeks uninsured motorist benefits from his insurer, Auto-Owners Insurance Company. (Doc. 1). The defendants have moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, alternatively, for summary judgment pursuant to Rule 56. (Doc. 10; Doc. 14). For the reasons stated below, the Court grants the United States' motion to dismiss and orders Mr. Kirkland to show cause why the Court should not dismiss his claim against Auto-Owners without prejudice for lack of jurisdiction.

1

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On June 19, 2014, Mr. Kirkland was driving his vehicle in Huntsville, Alabama when Joseph Morron's vehicle collided with his. (Doc. 1, pp. 2–3). Mr. Kirkland lost control of his vehicle, and his vehicle left the roadway, overturned, and ended up in an embankment. (Doc. 1-1, p. 2). Mr. Kirkland suffered injuries and was transported to Huntsville Hospital. (Doc. 1-1, p. 2). Since the accident, Mr. Kirkland has been treated by doctors for pain in his back, left knee, ankle, and foot. (Doc. 1-1, p. 2).

When the accident occurred, Mr. Morron, a recruiter for the United States Marine Corps, was acting within the course of his employment; he was traveling to Guntersville, Alabama to enlist a young man in the Marines. (Doc. 15-1, p. 52). Mr. Morron testified that he lost consciousness at the wheel and recalls nothing about the accident, but he alleges that "there was a guy standing outside of [his] car" after the accident who told him that another vehicle had "'cut [him] off,'" causing his vehicle to cross into oncoming traffic and strike Mr. Kirkland's vehicle. (Doc. 15-1, pp. 53–55, 58). The identity and whereabouts of the witness and motorist who allegedly caused the accident are unknown. (Doc. 15, p. 2; Doc. 17, pp. 2–5).

On December 3, 2014, Mr. Kirkland filed an administrative tort claim with the United States Department of Navy, Office of the Judge Advocate General, for

2

injuries and damages that he suffered in the accident with Mr. Morron. (Doc. 1-1, p. 2). The Navy denied Mr. Kirkland's claim on October 1, 2015, finding no evidence that Mr. Morron was negligent. (Doc. 10, p. 19). The denial letter advised Mr. Kirkland that he had "six months from the date of mailing of this letter to file suit in the appropriate Federal district court." (Doc. 10, p. 19).

On June 15, 2016, more than eight months after the U.S. Navy denied his administrative claim, Mr. Kirkland filed this suit. (Doc. 1). As stated, Mr. Kirkland asserts a claim against the United States under the Federal Tort Claims Act, and he asserts a state law claim for uninsured motorist benefits against Auto-Owners. (Doc. 1, pp. 4–5).

## II. ANALYSIS

### A. Federal Tort Claims Act

Mr. Kirkland concedes that his FTCA claim is barred by the FTCA's statute of limitations. (Doc. 10, pp. 7–10; Doc. 15, p. 3; Doc. 18). Under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred" if a claimant fails to file his federal court claim within "six months after the date of mailing, by certified or registered mail, of notice of final denial of the [administrative] claim." 28 U.S.C. § 2401(b). The Navy denied Mr. Kirkland's administrative tort claim on October 1, 2015, and more than eight months later, on June 15, 2016, Mr. Kirkland filed this suit. (Doc. 1; Doc. 10, p. 2). Because Mr.

Kirkland failed to file his FTCA claim against the United States in federal district court within six months of the Navy's denial of his administrative claim, the FTCA claim is time-barred.

### B. Uninsured Motorist Insurance Coverage

Mr. Kirkland argues that he is entitled to recover damages from Auto-Owners under the uninsured/underinsured motorist provision in his automobile policy. (Doc. 1, pp. 4–5; Doc. 15, pp. 2–4). This is a state law claim. With the resolution of Mr. Kirkland's federal claim, the Court has the option of refusing to exercise supplemental jurisdiction over the state claim if the Court does not have an independent basis for subject matter jurisdiction over the state claim. The Court may exercise jurisdiction over the state law claim pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship between Mr. Kirkland and Auto-Owners, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2012). Mr. Kirkland's jurisdictional allegations are not sufficient for the Court to determine whether it may exercise diversity jurisdiction because Mr. Kirkland has not properly alleged his citizenship or the citizenship of Auto-Owners in his complaint.

In his complaint, Mr. Kirkland states that he "is and was a resident of the State of Tennessee." (Doc. 1, ¶ 1). Alleging "[r]esidence alone is not enough" to

establish citizenship for purposes of diversity jurisdiction. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). "Citizenship, not residence, is the key fact that must be alleged [] to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). The citizenship of a natural person is determined by the person's domicile, and domicile consists of two elements: state of residence and intent to remain in the state of residence. *Travaglio*, 735 F.3d at 1269. Because Mr. Kirkland has alleged only his place of residence and not his place of domicile, the complaint does not contain sufficient information to allow the Court to determine his citizenship under 28 U.S.C. § 1332.

In addition, in his complaint, Mr. Kirkland asserts that Auto-Owners "is a Michigan corporation." (Doc. 1, ¶ 4). A corporation is a citizen of both the state of incorporation and the state in which the corporation has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). In his complaint, Mr. Kirkland does not allege Auto-Owners' principal place of business.

To allow the Court to assess diversity jurisdiction, **on or before November 7, 2016**, Mr. Kirkland shall file a declaration or an affidavit that sufficiently indicates his citizenship and the citizenship of Auto-Owners.[1]

---

[1] With respect to the amount in controversy, Mr. Kirkland alleges: "Plaintiff demands judgment against Defendant, Auto Owners Insurance Company, in excess of the minimum jurisdictional

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States' motion to dismiss Mr. Kirkland's FTCA claim.  The Court **DISMISSES** the FTCA claim **WITH PREJUDICE**.  The Court postpones a ruling on Auto-Owners' motion to dismiss until the Court determines whether it has an independent basis for exercising jurisdiction over Mr. Kirkland's state law claim against the insurer.

**DONE** and **ORDERED** this October 31, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

limits set forth in 28 U.S.C. § 1332, in an amount to be determined by the trier of fact plus costs." (Doc. 1, p. 5).